IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  95-21046
_____


SEGUROS COMERCIAL AMERICA S A DE C V,

Plaintiff-Appellant,

v.

AMERICAN PRESIDENT LINES LTD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-1488)
_____
June 28, 1996
Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

The district court has provided the litigants and this court

with a careful opinion addressing each of the issues raised by

Seguros Comercial America S.A. de C.V. ("Seguros") in the

district court.  Seguros reurges those issues here by claiming

that its case should have been transferred to Laredo and not

dismissed for *forum non conveniens.*  We have reviewed the briefs

and the record and we think that the district court did not abuse

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

its discretion when it dismissed the case on the basis of *forum non conveniens*.

Seguros raises one additional argument on appeal. Specifically, it argues that:

> Under Texas law, once a foreign corporation has standing to sue, the doctrine of *forum non conveniens* does not apply. Since a federal court exercising diversity jurisdiction must look to state law to determine standing to sue, the doctrine of *forum non conveniens* similarly has no application in a Texas federal court to a Texas authorized foreign corporate plaintiff.

Seguros recognizes that the federal law on *forum non conveniens* governs in diversity cases, but it argues that this case should present an "exception to the general rule." We have considered this argument for crafting an exception, but we find it unpersuasive.

The district court concluded that an adequate and alternative forum is available and that the ends of justice would be best served in this alternative forum. Citing to a letter that discusses a type of statute of limitations problem, allegedly nonwaivable, Seguros claims that the district court abused its discretion by not retaining jurisdiction in the event a Mexican court refuses to hear the case. The district court crafted a judgment that addressed any statute of limitations problem as best it could, and we find no abuse of discretion in the manner any such problem is dealt with.

Seguros also states that the stipulations incorporated by

2

reference in the dismissal order are unacceptable to Mexican courts unless they are certified by the clerk of the district court. The request that the stipulations be formally incorporated into a conditional dismissal order is a reasonable one. Therefore, we direct the parties to the suit to arrive at an amended form of judgment to be submitted to the district court for entry within one week after the issuance of our mandate.

We VACATE the district court's judgment and REMAND with instructions to enter an amended judgment, to be prepared by the parties, formally incorporating the stipulations. Costs shall be borne by Seguros.


VACATED and REMANDED.